UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | | |
|---|---|---|
| MIDDLETON DUNMORE, | : | Civ. Action No. 20-10682(RMB) |
| Petitioner | : | |
| v. | : | **OPINION** |
| JOHN POWELL, | : | |
| Respondent | : | |

BUMB, United States District Judge

This matter comes before the Court upon Petitioner Middleton Dunmore's ("Petitioner") Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254. (Pet., Dkt. No. 1); Respondent's Motion to Dismiss Pet. for Writ of Habeas Corpus as Untimely ("Mot. to Dismiss" Dkt. No. 9); and Petitioner's Brief in Opposition to Motion to Dismiss Petition for Writ of Habeas Corpus as Untimely.[1] ("Opp. Brief" Dkt. Nos. 12, 13.) The Court will determine the motion on the briefs without oral arguments, pursuant to Federal Rule of Civil Procedure 78(b).

I.  BACKGROUND

Petitioner was indicted on May 10, 2005, by a Cape May County Grand Jury for the following crimes: felony murder, N.J.S.A. 2C: 11-4(b)(1) [amended by N.J. R. Cr. R. 3:7-4[2] to second-degree felony manslaughter, N.J.S.A. 2C:11-4(b)(1)], (Count One); second-

---

[1] Petitioner filed a motion to amend his Opposition Brief (Dkt. No. 13) for the purpose of submitting his index and exhibits to the previously filed brief. The Court will grant the motion.

[2] New Jersey Criminal Court Rule 3:7-4 provides:

degree eluding, N.J.S.A. 2C:29-2b, (Count Two); four counts of first-degree armed robbery, N.J.S.A. 2C:15-1, (Counts Three, Four, Eight, and Thirteen); two counts of first-degree kidnapping, N.J.S.A. 2C: 13-lb, (Counts Nine and Fourteen); four counts of second-degree possession of a weapon (handgun) for an unlawful purpose, N.J.S.A. 2C:39-4a, (Counts Five, Ten, Fifteen and Nineteen); four counts of third-degree unlawful possession of a weapon (handgun), N.J.S.A. 2C:39-5b, (Counts Six, Eleven, Sixteen and Twenty); three counts of second-degree certain persons not to possess weapons, N.J.S.A. 2C:39-7b, (Counts Seven, Twelve, Seventeen and Twenty One); and second-degree attempted armed robbery, N.J.S.A. 2C:5-1 and 2C:15-1, (Count Eighteen). (Certification of Gretchen A. Pickering in Supp. of Mot. to Dismiss Pet. for Writ of Habeas Corpus as Untimely ("Pickering Cert.") ¶ 6, Dkt. No. 9-1; Exs. 1, 2 and 10, Dkt. Nos. 9-2, 9-3 and 9-11.) Petitioner filed a motion to dismiss the felony murder charge, which was denied by order dated November 10, 2005. (Id., Exs. 3 and 4, Dkt. No. 9-4 and 9-5.) Petitioner also filed a motion to suppress statements made to police, which was denied by the Honorable Carmen Alvarez, J.S.C. on May 31, 2006. (Id., Exs. 5, 6, and 7, Dkt. Nos. 9-6, 9-7 and 9-8.)

After the denial of his Miranda motion on May 31, 2006, Petitioner pleaded guilty to

---

The court may amend the indictment or accusation to correct an error in form or the description of the crime intended to be charged or to charge a lesser included offense provided that the amendment does not charge another or different offense from that alleged and the defendant will not be prejudiced thereby in his or her defense on the merits. Such amendment may be made on such terms as to postponing the trial, to be had before the same or another jury, as the interest of justice requires.

three counts of first-degree armed robbery, N.J.S.A. 2C:15-1 (Counts Three, Eight and Thirteen), and to Count One, amended from first-degree felony murder to second-degree manslaughter, N.J.S.A. 2C:11-4. (Pickering Cert., ¶ 6, Dkt. No. 9-2; Exs. 7 and 8, Dkt. Nos. 9-8 and 9-9.) The approval of the Presiding Judge of the Criminal Part for the vicinage was required for Petitioner to be allowed to plead off the trial list. (Id., Ex. 7, Dkt. No. 9-8.) On June 8, 2006, Judge Alvarez sentenced Petitioner to an aggregate thirty-year term of imprisonment, subject to the No Early Release Act, N.J.S.A. 2C:43-7.2 (Id., Exs. 9 and 10, Dkt. Nos. 9-10 and 9-11), as recommended by the plea agreement. Because the robberies were part of a larger tri-county crime spree, Petitioner's sentence was concurrent to the sentences in Atlantic County and Cumberland County for the robberies of Wawa convenience stores. (Id., Exs. 7 and 8, Dkt. Nos. 9-8 and 9-9.) Petitioner's Judgment of Conviction in Cape May County was entered on June 16, 2006. (Id., Ex. 9, Dkt. No. 9-10.)

Petitioner filed a motion to file an appeal as within time on August 6, 2008. (Id., Ex. 11, Dkt. No. 9-12.) On June 24, 2009, the Appellate Division denied Petitioner's sentencing appeal. (Id., Exs. 12, 13, Dkt. Nos. 9-13 and 9-14.) On August 10, 2009, Petitioner filed a petition for certification in the New Jersey Supreme Court. (Id., Ex. 14, Dkt. No. 9-15), which was denied on October 21, 2009. (Ex. 15, Dkt. No. 9-16.) Petitioner did not file a petition for certiorari with the United States Supreme Court.

On June 1, 2011, Petitioner filed his first verified petition for post-conviction relief ("PCR") in the Superior Court of New Jersey, Law Division, Criminal Part. (Id., Ex. 16, Dkt No. 9-17.) On January 18, 2012, the Honorable Raymond A. Batten, J.S.C. heard argument on petitioner's first PCR petition. (Id., Ex. 18, Dkt. No. 9-19.) The PCR court denied Petitioner's first PCR petition on February 8, 2012. (Pickering Cert., ¶ 6, Dkt. No. 9-

1; Ex. 19, Dkt. No. 9-20.) On May 31, 2012, Petitioner filed a Notice of Appeal of the denial of post-conviction relief. (Id., Ex. 20, Dkt. No. 9-21.) On February 12, 2013, the Appellate Division issued a sua sponte order affirming the denial of post-conviction relief. (Id., Ex. 21, Dkt. No. 9-22.) After filing a petition for certification in the New Jersey Supreme Court, on April 10, 2013, Petitioner filed a motion for leave to file as within time. (Id., Exs. 22, 23, Dkt. Nos. 9-23 and 9-24.) On May 15, 2013, the New Jersey Supreme Court granted the motion (Id., Ex. 24, Dkt No. 9-25), but subsequently denied the petition for certification on September 23, 2013. (Ex. 25, Dkt. No. 9-26.)

On December 6, 2018, Petitioner filed a second PCR petition. (Id., Ex. 26, Dkt. No. 9-27.) Four days later, the Honorable Sarah Beth Johnson, J.S.C. denied the petition. (Id., Ex. 27, Dkt. No. 9-28.) On January 28, 2019, Petitioner filed a motion to amend his second PCR, adding an argument that the amendment to his indictment was improper. (Id., Ex. 28, Dkt. No. 9-29.) On February 1, 2019, the Honorable Sarah Beth Johnson, J.S.C. denied Petitioner's amended second PCR petition. (Id., Ex. 29, Dkt. No. 9-30.) On December 5, 2019, Petitioner filed a pro se notice of appeal (Id., Ex. 30, Dkt. No. 9-31), and on January 10, 2020, he filed an amended notice of appeal/motion for leave to appeal as within time [erroneously dated January 10, 2019], correcting deficiencies in his December 2019 notice of appeal. (Id., Ex. 31, Dkt. No. 9-32.) On February 24, 2020, the Appellate Division denied Petitioner's motion for leave to file as within time and dismissed Petitioner's appeal. (Id., Ex. 32, Dkt. No. 9-33.) On March 18, 2020, Petitioner filed a pro se Notice of Petition for Certification in the New Jersey Supreme Court, concerning the denial of Petitioner's amended second PCR petition. (Id., Ex. 33, Dkt. No. 9-34.)  On June 30, 2020, the New Jersey Supreme Court denied certification. (Pickering Cert., ¶ 6, Dkt. No. 9-1; Ex. 34, Dkt.

No. 9-35.) Petitioner filed the instant Petition for Writ of Habeas Corpus on August 6, 2020, pursuant to the prison mailbox rule,[3] and it was received by the Court on August 18, 2020. (Pet., ECF No. 1.)

II.   DISCUSSION

    A.   Respondent's Motion to Dismiss

Respondent calculates Petitioner's one-year habeas statute of limitations as follows. The Appellate Division affirmed Petitioner's sentence on June 24, 2009. The Supreme Court of New Jersey denied certification, thereby affirming the Appellate Division on October 21, 2009. Petitioner did not file a petition for certiorari to the United States Supreme Court within the 90-day period. Thus, Petitioner's direct appeal became final on January 20, 2010, and the limitations period began to run on January 21, 2010. The limitation period expired on January 21, 2011. Petitioner did not file his first PCR petition until June 1, 2011, which was too late to toll the limitations period under § 2244(d)(1)(A). Petitioner did not file his habeas petition until August 2020.

    B.   Petitioner's Opposition to Motion to Dismiss

Petitioner does not contest that his habeas petition was untimely. (Opp. Brief and exhibits, Dkt. Nos. 12, 13.) Instead, he argues for equitable tolling based on his actual innocence. Petitioner submits he was not afforded the opportunity for adequate and full development of the material facts in state court because no evidentiary hearing was held on his PCR petitions on December 10, 2018 or February 1, 2019. He purports to rely on new evidence of his actual innocence based on the finding in Santiago v. Warren, No. 12-2105,

---

[3] "[A] pro se prisoner's habeas petition is deemed filed at the moment he delivers it to prison officials for mailing to the district court." Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1998).

2016 U.S. Dist. LEXIS 134041, (Sept. 29, 2016), that in New Jersey manslaughter is not a lesser included offense of felony murder. Petitioner was not indicted for manslaughter. Although the state court amended his indictment for his guilty plea, Petitioner contends the amendment was insufficient, a new indictment was required because manslaughter is not a lesser included offense of felony murder, as required to amend an indictment under N.J. R. Cr. R. 3:7-4. Therefore, he contends that his conviction violates the Due Process Clause of the Fourteenth Amendment, the Fifth Amendment guarantee of indictment by a grand jury, and his right to indictment by a grand jury under the New Jersey Constitution.

      Petitioner relies, *inter alia*, on the Supreme Court case Bousley v. United States, where the Court held that a defendant who plead guilty to voluntary manslaughter in state court to avoid trial on felony murder charges was entitled to federal habeas review of his contention that his guilty plea was "involuntary" because he was not advised that intent to kill was an element of the manslaughter offense. See Bousley, 523 U.S. 614, 634–35 (1998) (Scalia, J. and Thomas, J. dissenting). Petitioner recognizes that he must rely on new evidence of actual innocence to excuse his untimely habeas petition. Thus, he relies on a 2016 decision in the District of New Jersey, Santiago, supra, holding that manslaughter is not a lesser included offense of felony murder under New Jersey law. When the state court amended Petitioner's indictment to permit him to plead guilty to manslaughter, Petitioner contends the Fifth and Fourteenth Amendments to the U.S. Constitution, and the New Jersey Constitution were violated because the charge should have been brought by superseding indictment. Petitioner maintains that no reasonable jury could have convicted him of second degree manslaughter because he was never indicted for such offense. Petitioner was not afforded a hearing on this claim in state court.

C.  Analysis

The statute of limitations for habeas petitions by state prisoners under 28 U.S.C. § 2254 is governed by 28 U.S.C. § 2244(d), which provides, in pertinent part:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> . . .
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Petitioner's judgment of conviction became final when his 90-day period, on direct appeal, to seek certification from the U.S. Supreme Court expired on January 20, 2010. Thus, his one-year habeas limitation period began the next day and expired one year later, on January 21, 2011. When he filed his first PCR petition on or about June 1, 2011, it was too late to toll the limitations period under § 2244(d)(2); it had already expired. Therefore, Petitioner relies on a claim of actual innocence to excuse the untimely filing of his habeas petition.

Equitable tolling applies to the one-year statute of limitations under 28 U.S.C. § 2244(d) in appropriate cases. Holland v. Florida, 560 U.S. 631, 645 (2010). In 2013, the Supreme Court held that the habeas limitation period in § 2244(d) may be equitably tolled under the "miscarriage of justice exception" when a petitioner shows his actual innocence, in other words that "'it is more likely than not that no reasonable juror would have convicted him in light of the new evidence.'" McQuiggin v. Perkins, 569 U.S. 383, 389

(2013) (quoting Schlup v. Delo, 513 U.S. 298, 327 (1995)). "[A]ctual innocence refers to factual innocence, not legal insufficiency." Reeves v. Fayette SCI, 897 F.3d 154, 160 (3d Cir. 2018), as amended (July 25, 2018) (quoting Sistrunk v. Rozum, 674 F.3d 181, 191 (3d Cir. 2012) (citation omitted)). "[N]ew evidence in the actual innocence context refers to newly presented exculpatory evidence." Id. at 163.

Petitioner is not entitled to equitable tolling based on his claim of actual innocence because he asserts only legal insufficiency, that the state court accepted his guilty plea to manslaughter by amending his indictment rather than obtaining a superseding indictment. Newly discovered evidence of factual innocence, as would excuse Petitioner's untimely habeas petition, requires Petitioner to establish he has newly presented exculpatory evidence, which shows it is more likely than not that no reasonable juror would have convicted him. Petitioner does not attempt to make a showing that he is factually innocent of second degree manslaughter, nor could he. First, the holding in Santiago, that manslaughter is not a lesser included offense of felony murder in New Jersey, is not exculpatory evidence. Second, even if Petitioner had argued that the factual record, as opposed to his legal insufficiency claim, would not permit a reasonable juror to convict him of second degree manslaughter, the record does not support such a claim.

In June 2006, when Petitioner's Judgment and Conviction was entered, second degree manslaughter in New Jersey was defined as "Criminal homicide constitutes manslaughter when … [i]t is committed recklessly…." N.J.S.A. 2C:11-4 (effective Jan. 8, 2002 to Jan. 20, 2020). Criminal homicide was defined as "[a] person is guilty of criminal homicide if he purposely, knowingly, recklessly or, under the circumstances set forth in section 2C:11-5, causes the death of another human being. … Criminal homicide is murder,

manslaughter or death by auto." N.J.S.A. 2C:11-2 (effective Sept. 1, 1979 to July 20, 2017). In New Jersey, "when a defendant is tried for reckless manslaughter, the factfinder must determine whether the 'result' of the defendant's reckless conduct—the victim's death—was within the scope of the risk contemplated by the defendant." State v. Campfield, 61 A.3d 1258, 1267 (N.J. 2013) (citation omitted). The respondent "is not limited to the existing record to rebut any showing that [the] petitioner might make" and "should be permitted to present any admissible evidence of [the] petitioner's guilt even if that evidence was not presented during [the] petitioner's plea colloquy." Bousley, 523 U.S. at 624.

In his plea colloquy on May 31, 2006, Petitioner responded to the state court as follows:

> [The Court:] Now, you later were told during the course of the taped statement,[4] that a death had resulted from the last robbery which occurred on February 5th of 2004. And can you tell me, sir, if you can in your own words, what it was that you did that makes you guilty?
>
> [Petitioner:] I led the police on a high-speed chase.
>
> [The Court:] Okay. And would you agree that that's something that you could anticipate was going to occur sooner or later?
>
> [Petitioner:] Can you repeat that, please?
>
> [The Court:] Yes. Would you agree that at some level you knew the police were going to come looking for you?
>
> [Petitioner] Oh, yes.
>
> [The Court:] And you knew, in fact, when -- that night that there was a police car right behind you?
>
> [Petitioner:] Eventually, yes.

---

[4] The taped statement refers to Petitioner's post-arrest statement to police, the subject of Petitioner's Miranda motion heard by the trial court on May 26, 30 and 31, 2006 (Pickering Cert., ¶6, Dkt. No. 9-1 and Ex. 5, 6 and 7, Dkt. No. 9-6, 9-7 and 9-8.)

9

> [The Court:] And a second vehicle that you identified as a police car.
>
> [Petitioner:] Yes.
>
> [The Court:] And, sir, when you were talking with Trooper Scull --
> MR. SMITH: Judge, page 43.
>
> BY THE COURT: Q -- he said to you, "If a policeman was following you during the chase and you would've hit a pole and you would've gotten hurt, it would've been your fault. What if a policeman that was chasing you followed you or in any fashion trying to get you crashed and hit the pole, whose fault would that be?" And, sir, whose fault was it?
>
> [Petitioner:] Mine.
>
> [The Court:] All right. Would you agree that robbing and then taking off at a high speed was reckless conduct?
>
> [Petitioner:] Yes.
>
> [The Court:] That resulted in the death of Trooper Zimmerman, sir.
>
> [Petitioner:] Yes.
>
> [The Court:] Just like you acknowledged it on the tape, correct?
>
> [Petitioner:] Yes.

(Pickering Cert., ¶ 6, Dkt. No. 9-8 at 44-46.) This colloquy would permit a reasonable juror to find that it was within the scope of risk taken by Petitioner, by leading a high speed chase to escape arrest for armed robbery, that his conduct would result in a police officer's death in a car crash. For these reasons, even if Petitioner had alleged factual innocence rather than legal innocence of second degree manslaughter, he could not show, on this record, that he is

factually innocent of second degree manslaughter. Therefore, Petitioner is not entitled to equitable tolling of the habeas statute of limitations.

III. CONCLUSION

For the reasons discussed above, Respondent's motion to dismiss will be granted and the habeas petition will be dismissed as untimely.

An appropriate order follows.

Dated: **August 10, 2021**

                                             s/Renée Marie Bumb
                                             **RENÉE MARIE BUMB**
                                             **United States District Judge**