UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

|  |  |
|---|---|
| MIDDLETON DUNMORE, : <br> : <br> Petitioner : <br> : <br> v. : <br> : <br> JOHN POWELL, : <br> : <br> Respondent : <br> : | Civ. Action No. 20-10682(RMB) <br><br> **MEMORANDUM ORDER** |

This matter comes before the Court upon remand from the Third Circuit Court of Appeals (USCA Order, Dkt. No. 19) to issue a certificate of appealability ("COA") or provide a statement of reasons for not issuing a certificate of appealability in connection with this Court's order granting Respondent's motion to dismiss Petitioner's petition for writ of habeas corpus under 28 U.S.C. § 2254 as untimely under 28 U.S.C. § 2244(d).

On August 11, 2021, this Court held that Petitioner's § 2254 habeas petition was untimely filed in August 2020. (Opinion, Dkt. No. 15.) Petitioner's judgment of conviction became final on direct appeal on January 20, 2010. (Id.) Thus, his one-year habeas limitation period began the next day and expired one year later, on January 21, 2011. (Id.) When Petitioner filed his first PCR petition on or about June 1, 2011, it was too late to toll the limitations period under § 2244(d)(2); the statute of limitations had already expired. (Id.)

Petitioner sought equitable tolling based on a claim of actual innocence, despite his guilty plea. This Court held that Petitioner's claim was one of legal sufficiency, not factual innocence that would excuse his untimely filing. (Id.) Petitioner's claim of innocence was based on the fact that the state court accepted his guilty plea to manslaughter by amending

his indictment, which charged felony murder, rather than obtaining a superseding indictment for manslaughter. (Opinion, Dkt. No. 15.) Furthermore, this Court found Petitioner had not established his factual innocence because his plea colloquy would permit a reasonable jury to convict him of second degree manslaughter. (Id.)

28 U.S.C. § 2253(c)(1)(A) provides that "[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from--(A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court." A COA may issue when the "applicant has made a substantial showing of the denial of a constitutional right." § 2253(c)(2). The Supreme Court has explained,

> [w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

Slack v. McDaniel, 529 U.S. 473, 484 (2000). In this case, for the reasons discussed above, jurists of reason would not find it debatable that this Court was correct in finding Petitioner had not set forth an actual innocence claim to excuse filing his habeas petition after the statute of limitations expired. Without a debatable issue on the procedural ruling, this Court need not determine whether jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right. See Gonzalez v. Thayer, 565 U.S. 134, 141 (2012) (for a COA to issue, the petitioner must show **both** that jurists of reason would find the district court's procedural ruling debatable and that jurists of reason would

"find it debatable whether the petition states a valid claim of the denial of a constitutional right") (emphasis added).

**IT IS** therefore on this **22nd day of September 2021**,

**ORDERED** that the Clerk shall reopen this matter; and it is further

**ORDERED** that a certificate of appealability under 28 USC § 2253(c) shall not issue; and it is further

**ORDERED** that the Clerk shall close this matter; and it is further

**ORDERED** that the Clerk shall serve a copy of this Order on Petitioner by regular U.S. mail.

    s/Renée Marie Bumb
    **RENÉE MARIE BUMB**
    **United States District Judge**